**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 23-46 |
| | ) | |
| ROMARO LANARIE FOSTER, SR. | ) | |

## MEMORANDUM ORDER

On April 29, 2026, Defendant Romaro Lanarie Foster, Sr. was sentenced to a term of 180 months' imprisonment and a 10-year term of supervised release following his guilty plea pursuant to a Rule 11(c)(1)(C) plea agreement to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846. (Docket Nos. 189, 190, 192, 230, 232). Defendant did not file a direct appeal of his conviction or sentence, nor has he filed any collateral proceeding attacking his conviction or sentence.

On August 11, 2026, Defendant filed a pro se Motion and Request for Rule 16 Discovery, Plea and Sentencing Transcripts with the Judgment of the Criminal Case Pursuant to 28 U.S.C. § 753(f), (Docket No. 233), in which he requests that he be provided with a copy of the referenced documents free of charge. For the following reasons, Defendant's Motion will be denied.

Pursuant to 18 U.S.C. § 3006A(e)(1), a court shall authorize an indigent defendant to obtain services, including documents, for adequate representation only upon a finding that the services are necessary and that the defendant is financially unable to obtain them. *See United States v. Raghunathan*, 288 F. App'x 2, 4 (3d Cir. 2008) ("Necessary transcripts are included within the 'services' authorized."). The burden is on the defendant making the request to show necessity. *See United States v. Pitts*, 346 F. App'x 839, 841-42 (3d Cir. 2009) (the defendant has the burden

of establishing necessity by "demonstrat[ing] with *specificity* the reasons why such services [or transcripts] are required") (emphasis in original) (citation omitted).

Here, Defendant simply requests a copy of his Rule 16 discovery,[1] change of plea hearing and sentencing hearing transcripts, and criminal judgment without providing any reason for his request other than vaguely claiming that "the issues intended to be raised are not frivolous and the discovery and court transcribed records are needed to raise the issues."[2] (*See* Docket No. 233). Defendant does not currently have an appeal pending, the time period for filing an appeal has long since passed, and he has no collateral proceeding pending. In light of these circumstances, Defendant is not entitled to the documents he requests free of charge. *See United States v. Jackson,* 302 F. App'x 122, 123 (3d Cir. 2008) (citing *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.")); *Raghunathan*, 288 F. App'x at 4 (relevant statutes do not authorize the Government to pay for a transcript where no proceeding is pending); *United States v. Moran*, Crim. No. 21-21, 2023 WL 4295828, at *1 (W.D. Pa. June 30,

---

1 Although Defendant is not entitled to the requested documents free of charge, he is advised that discovery materials are not filed on the public docket, thus they are not accessible in that manner in any event.

2 In support, Defendant cites 28 U.S.C. § 753(f), which provides in relevant part that "[f]ees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f).

Here, Defendant has not filed a § 2255 motion, thus there is no basis for the Court to grant his request for transcripts when no proceeding of any kind is pending as explained herein. Although Defendant insinuates that he needs the requested documents in order to prepare a § 2255 motion, his reliance on § 753(f) is premature, as that provision applies only after a § 2255 proceeding has been initiated. *See United States v. Smith*, Crim. No. 04-309-2, 2010 WL 11534344, at *1 (W.D. Pa. Aug. 2, 2010) (Diamond, J.) (§ 753(f) applies only after § 2255 proceeding has been instituted) (citing *United States v. Horvath*, 157 F.3d 131, 132-33 (2nd Cir. 1998) (motion for free transcript not ripe until § 2255 petition filed; availability of free transcript depends on court's need for it to decide motion, not petitioner's need for it to prepare motion)). Furthermore, even after a § 2255 motion is filed, a defendant is not automatically entitled to a free transcript; rather, the statute mandates that he must first obtain certification that the suit is not frivolous, and that the transcript is necessary to decide the issue presented. *See* 28 U.S.C. § 753(f).

2023) (Hardy, J.) (denying the defendant's request for sentencing hearing transcript at the Government's expense where no proceeding was pending); *Smith*, 2010 WL 11534344, at *1 ("[T]here is no basis for the court to grant a motion for transcripts when no proceeding of any kind is pending."). Accordingly, the Court enters the following Order:

AND NOW, this 18th day of August, 2026, IT IS HEREBY ORDERED that Defendant's pro se Motion and Request for Rule 16 Discovery, Plea and Sentencing Transcripts with the Judgment of the Criminal Case Pursuant to 28 U.S.C. § 753(f), (Docket No. 233), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

Romaro Lanarie Foster, Sr. (via U.S. mail)
Reg. No. 50234-510
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640